```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA
```

JEANNE COUCH ATEBARA                             CIVIL ACTION

       Plaintiff,

                                                                 NO: 14-02142

VERSUS

ARTHUR ROSENBLATT and                            SECTION: R(3)
CORNERSTONE SMR, INC.

       Defendants.

## ORDER AND REASONS

Before the Court is plaintiff Jeanne Couch Atebara's motion to remand and request for attorney's fees and costs under 28 U.S.C. § 1447(c). The Court grants plaintiff's motion to remand because not all of the defendants consented to removal. The Court denies plaintiff's motion for attorney's fees and costs because defendant Cornerstone SMR, Inc. had a reasonable basis for seeking removal.

## I.  Background

On June 30, 2014, plaintiff Jeanne Couch Atebara filed this case in Louisiana state court against defendants Arthur Rosenblatt and Cornerstone SMR, Inc. seeking rescission of certain purchases of Cornerstone stock.[1]  As directed by Article 893 of the Louisiana Code of Civil Procedure, plaintiff did not plead a specific damage

---

[1] R. Doc. 1-4.

amount in her petition.[2] But plaintiff sent Cornerstone a settlement letter on August 22, 2014 in which plaintiff demanded damages well above the jurisdictional threshold.[3] In response to plaintiff's letter, Cornerstone removed this case to federal court on September 18, 2014, based on diversity jurisdiction.[4]

Plaintiff now moves the Court to remand this case to state court. Plaintiff contends that removal was improper because Rosenblatt did not consent to removal, and because Cornerstone's removal was untimely.[5] Plaintiff further seeks an award of fees and costs associated with remanding the case under 28 U.S.C. § 1447(c). Cornerstone concedes that it was served on July 28, 2014, more than thirty days before its notice of removal and that Rosenblatt has not consented to removal. Cornerstone nevertheless argues that removal was timely because plaintiff's August 22, 2014 settlement letter constitutes "other paper" that apprised Cornerstone of the amount in controversy and effectively tolled the thirty-day removal period. Cornerstone further argues that Rosenblatt's consent is unnecessary because of "exceptional

---

[2] *See* La. Code Civ. Proc. art. 893(A)(1).

[3] R. Doc. 11-1.

[4] R. Doc. 1. Federal district courts have jurisdiction over cases where the amount in controversy exceeds $75,000, and there is complete diversity among the parties. 28 U.S.C. § 1332(a). Plaintiff is a citizen of Louisiana while Cornerstone and Rosenblatt are citizens of Florida.

[5] R. Doc. 6-1.

circumstances."[6]

## II. Discussion

### A. Timeliness of Removal

Plaintiff contends that Cornerstone's notice of removal is untimely because it was not filed within thirty days of receipt of plaintiff's initial pleading. "Removal statutes are to be construed strictly against removal[,] . . . and a failure to timely file a notice of removal is a defect that requires remand to state court." *Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 674 (E.D. Tex. 1999) (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)). Under 28 U.S.C. § 1446, which sets forth the general procedure for removal, a determination of whether a defendant timely removed a case is a two-step process. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). First, if the case stated by the initial pleading is removable, a defendant has thirty days from receipt of the initial pleading to file a notice of removal. *See* 28 U.S.C. § 1446(b); *Chapman*, 969 F.2d at 161. Second, if the case stated by the initial pleading is not removable, then a defendant may remove the case within thirty days of receiving an amended pleading, motion, or "other paper" that informs the defendant that the case is removable. *Id.*

---

[6] R. Doc. 11 at 5.

Cornerstone contends that the August 22, 2014 settlement letter is "other paper" under Section 1446(b), and therefore, the notice of removal was timely because Cornerstone filed it within thirty days of its receipt of the letter. *See Addo v. Globe Life and Accident Insurance Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (post-complaint settlement letter was "other paper" under 28 U.S.C. § 1446(b)).

The Court finds that Cornerstone's September 18, 2014 notice of removal was timely under 28 U.S.C. § 1446. Plaintiff's state court petition did not include a claim for damages that exceeded the jurisdictional threshold established by 28 U.S.C. § 1332. Without such information, "the case stated by the initial pleading [was] not removable." 28 U.S.C. § 1446(b). Further, the Court rejects plaintiff's argument that removal was untimely because a presuit settlement letter showed that the case was removeable. This argument flies in the face 28 U.S.C. § 1446(b). ("[A] notice of removal may be filed within thirty days after receipt by defendant . . . of a copy of an amended pleading, motion, or other paper . . . ."). Section 1446(b) directs the Court to evaluate the timeliness of removal by examining "the case stated by the initial pleading," and the Court will not rely on a settlement letter that preceded plaintiff's initial pleading by ten months when making this determination. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (reiterating that the Fifth Circuit has

4

rejected the "so-called due-diligence standard" in favor of "a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount*.") (emphasis in original) (internal quotations omitted). On its face, the statute requires that if an "other paper" is to trigger the thirty-day period of the second paragraph of § 1446(b), Cornerstone must have received the "other paper" after it received the initial pleading.  *See Chapman*, 969 F.2d at 164.

Plaintiff did not explicitly state in her petition that damages exceeded the federal jurisdictional amount.  Thus, the August 22, 2014 settlement letter qualifies as "other paper" under the terms of 28 U.S.C. § 1446(b), and it triggered the thirty-day removal clock.  *See Addo*, 230 F.3d at 762 (holding that "a post-complaint letter, which is plainly not a sham, may be 'other paper' under § 1446(b)").  Cornerstone removed this action on September 18, 2014.  Removal was therefore timely.

    **b.  Lack of Unanimity**

Plaintiff also contends that removal was improper because Cornerstone's co-defendant, Arthur Rosenblatt, did not consent to removal.  Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court.  Section 1446(b)(2)(A)

does not require all defendants to sign the original petition for removal, but the Fifth Circuit requires "some timely filed written indication from each served defendant . . . that it has actually consented to such action." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Although the *Getty* court left open the possibility that "exceptional circumstances" might warrant a departure from the rule of unanimity, the Fifth Circuit more recently indicated that such an exception would be granted only when defendant's lack of consent stemmed from plaintiff's misconduct. *See Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011).

Here, it is undisputed that Rosenblatt has not consented to removal. Indeed, Cornerstone admits that it has spoken to Rosenblatt on the phone, and Rosenblatt refused to consent to the removal.[7] Cornerstone nevertheless asks the Court to find exceptional circumstances because Rosenblatt's consent is "practically impossible" to obtain.[8] Cornerstone goes even further, arguing that, because Rosenblatt will not consent to removal, Rosenblatt "may be" colluding with plaintiff to prevent the Court from exercising jurisdiction.[9]

The Court finds that the rule of unanimity has not been

---

[7] R. Doc. 11 at 6.

[8] *Id.* at 5.

[9] *Id.* at 2.

satisfied and that no exceptional circumstances exist to excuse this failure. There is no dispute that Rosenblatt was properly joined and served in the state court proceeding. Cornerstone contacted Rosenblatt in hopes of securing his consent to removal, and Rosenblatt refused. Thus, the only reason Rosenblatt's consent is "practically impossible" to secure is because Rosenblatt elected to withhold it. Cornerstone does not provide any evidence to support its assertion that Rosenblatt "may be" colluding with plaintiff to avoid federal jurisdiction. Absent evidence to support this accusation, the Court cannot find exceptional circumstances to excuse Cornerstone's failure to secure Rosenblatt's consent to removal.

Because not all of the defendants have consented to removal, removal of the action was procedurally deficient. The Court must therefore remand this case to state court.

### c. Attorney's Fees and Costs

Plaintiff also moves under 28 U.S.C. § 1447(c) for an award of attorney's fees and costs for defendant's improper removal. The award is within the discretion of the Court, but "[a]bsent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although Cornerstone ultimately failed to demonstrate exceptional circumstances to negate the unanimity requirement, it

did not lack an objectively reasonable basis for seeking removal. Accordingly, the Court declines to award plaintiff the fees, expenses, and costs incurred as a result of the removal.

## III. Conclusion

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this 15th day of December, 2014.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE